**Lorraine POLASKI, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. 4–84–64.**

United States District Court, D. Minnesota, Fourth Division.

April 12, 1985.

Mary G. Grau, Legal Aid Society of Minneapolis, Inc., Minneapolis, Minn., for plaintiffs.

James M. Rosenbaum, U.S. Atty. by Paul W. Day, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

ORDER

MILES W. LORD, Chief Judge.

This matter comes before the court upon the order of remand issued by the United States Court of Appeals for the Eighth Circuit, *Polaski v. Heckler*, 751 F.2d 943 (1984) remanding 585 F.Supp. 1004. In that opinion, the Court of Appeals dismissed plaintiffs' class action concerning the Secretary's termination of disability benefits, but upheld this court's order in favor of plaintiffs whose applications for benefits had been denied because of the Secretary's misapplication of agency regulations concerning proof of pain and other subjective complaints. In compliance with the Eighth Circuit's order, therefore,

IT IS HEREBY ORDERED

1. That the class members who are entitled to the relief described herein include:

all persons (1) residing in Minnesota, North Dakota, South Dakota, Nebraska, Iowa or Arkansas, (2) who have applied for Title II or Title XVI benefits, (3) who allege that they are unable to work in whole or in part as a result of pain or other subjective complaints, and (4) who have received an adverse administrative decision on their claims for benefits as described below:

a) in Minnesota, North Dakota, South Dakota, and Nebraska, those persons who received an adverse decision on their claims, at any level of the administrative review process, between January 30, 1984 and July 17, 1984, inclusive;

b) in Arkansas, those persons who received an adverse decision on their claims at the Administrative Law Judge or Appeals Council levels between February 20, 1984 and July 17, 1984, inclusive;

c) in Iowa, those persons who received an adverse decision on their claims at any level of the administrative review process between November 26, 1983 and July 17, 1984, inclusive;

2. That, within a reasonable time, the Secretary shall issue the attached written notice to each class member with a copy to his or her legal representative, if any, which:

a) informs each class member of the proper standard for the administrative appraisal of allegations of pain or other subjective complaints;

b) asks each class member whether he or she alleges an inability to work, in whole or in part, because of pain or other subjective complaints;

c) states that each class member has the option and the right to have his or her claim reconsidered under the proper pain standard;

d) informs each class member that the request for reconsideration must be submitted within time limits established by the Secretary;

e) informs each class member of his or her right to submit additional evidence within time limits established by the Secretary;

f) contains information concerning the availability under the Social Security Act of attorneys to assist claimants in their efforts to obtain disability benefits.

3. That upon receiving a written request for reconsideration, the Secretary shall consider the application under the proper pain standard, and shall issue a written decision within a reasonable time;

4. That the claims of class members who request reconsideration shall be evaluated by the Disability Determination Services in their respective states. The decision of the Disability Determination Services upon reconsideration shall be regarded as a new decision and shall be subject to the regular appeal procedures of agency adjudication.

5. That the Secretary shall timely provide to the court and plaintiffs' counsel copies of the Secretary's teletype transmitting the notice and instructing adjudicative components of the Social Security Administration as to its proper use. Further, the Secretary shall prepare and maintain monthly statistical reports showing the number of people notified and the number of people responding to the notices. The Secretary shall timely provide to the court and plaintiffs' counsel copies of these reports.

6. That as used herein, the "proper pain standard" is as follows:

A claimant has the burden of proving the disability results from a medically determinable physical or mental impairment. Symptoms such as pain, shortness of breath, weakness, or nervousness are the individual's own perceptions of the effects of a physical or mental impairment(s). Because of their subjective characteristics and the absence of any reliable techniques for measurement, symptoms (especially pain) are difficult to prove, disprove, or quantify. As a result of this difficulty, some adjudicators have misinterpreted the Secretary's policies as enunciated in SSR-82-58.

In particular, some adjudicators may have misinterpreted Example No. 2 in SSR-82-58 to allow allegations of pain to be disregarded solely because the allegations are not fully corroborated by objective medical findings typically associated with pain. The example should not be construed to be inconsistent with the text of SSR-82-58 which states in part:

The effects of symptoms must be considered in terms of any additional physical or mental restrictions They may impose beyond those clearly demonstrated by the objective physical manifestations of disorders. Symptoms can sometimes suggest a greater severity of impairment than is demon-

strated by objective and medical findings alone.

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.

The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

1. the claimant's daily activities;

2. the duration, frequency and intensity of the pain;

3. precipitating and aggravating factors;

4. dosage, effectiveness and side effects of medication;

5. functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

7. That the Secretary shall send to class members and their representatives, if any, copies of the notice in the form appended hereto.

## APPENDIX

### NOTICE

Our records show that you might be able to receive disability benefits because of a recent court case about the Social Security law. In *Polaski v. Heckler,* the United States Court of Appeals for the Eighth Circuit ruled that we, the Social Security Administration, may have used the wrong legal standard for considering the pain or other subjective complaints of people who have applied for disability benefits. By the term "other subjective complaints", we mean things like numbness, dizziness, nervousness, and other problems that do not show up in x-rays, blood tests, or the like.

The court ordered us to consider pain or other subjective complaints under the "pain standard" (copy enclosed) when we are deciding whether people who apply for disability benefits are disabled. Under the "pain standard", people can be found eligible for disability benefits, even though objective medical evidence may not entirely support the applicant's claim of disability caused by pain or other subjective complaints.

### IMPORTANT RIGHTS

You applied for disability benefits and your application was denied. You now have the chance to renew your application. If you claim that you are unable to work either solely or partly because of pain or some other subjective complaint, you have the right to have your claim considered under the "pain standard." Our new consideration of your claim under the "pain standard" might result in an award of disability benefits to you. You will also have the chance to present new evidence to prove that you are disabled.

If you request reconsideration, your claim will be evaluated by the Disability Determination Service in your state. The decision on reconsideration will be a new decision, and you will have the right to file an appeal if you don't agree with it.

You have the right to represent yourself in any new proceedings, or to be represented by an attorney or any other qualified person. Contact your local Social Security office or legal services program for the

names of the organizations or individuals who can help you.

## WHAT YOU MUST DO

If you want us to reconsider your claim for disability benefits, you must return the attached request form to us within 30 days of the date you receive this notice. We will not review your case unless you ask us to do so. If you wish to present new evidence of your condition, be sure to check off the blank on the enclosed return form. You will have 60 days from your receipt of this notice in which to send us new evidence.

## PAIN STANDARD

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.

The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as

1. the claimant's daily activities;

2. the duration, frequency and intensity of the pain;

3. precipitating and aggravating factors;

4. dosage, effectiveness and side effects of medication;

5. functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

## REQUEST FORM

I believe that I am unable to work in whole or in part because of pain or some other subjective complaint. I would like the Social Security Administration to reconsider my application for disability benefits using the correct pain standard.

Check One:

_____ I wish to submit additional evidence.

_____ I do not wish to submit additional evidence.

Dated: _____ Name: _____

Social Security No: _____

REMEMBER, IF YOU WANT US TO RECONSIDER YOUR
CLAIM, YOU MUST RETURN THIS FORM TO US
WITHIN 30 DAYS. ANY ADDITIONAL
EVIDENCE MUST BE SUBMITTED
WITHIN 60 DAYS.